### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In Re:    Michael S. Blankenship | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Alison C. Blankenship | ) | |
| | ) | |
| Debtors. | ) | Case No. 14-40167-drd13 |
| | ) | |
| _____ | ) | |
| | ) | |
| Michael S. Blankenship | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Alison C. Blankenship | ) | |
| | ) | Adversary Proceeding No: |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Partners for Payment Relief, LLC | ) | |
| 3748 West Chester Pike, Suite 103 | ) | |
| Newtown Square, PA 19073 | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT TO AVOID LIEN
### OF PARTNERS FOR PAYMENT RELIEF, LLC
### <u>SECURED BY REAL PROPERTY PURSUANT TO 11 U.S.C. §506(d)</u>

COMES NOW, the Plaintiffs, by their undersigned counsel, William N. Carnes, and in support of their Complaint to Avoid Lien of Partners for Payment Relief, LLC, Secured by Real Property Pursuant to 11 U.S.C. §506(d) states as follows:

1)   That the debtors filed their case for Chapter 13 relief on January 20, 2014.

2)   That pursuant to Section 301, this Court entered its Order for Relief.

3)   That jurisdiction of the Court is proper under 11 U.S.C. §506, §1322(b) and

      §1325(a) of the United States Bankruptcy Code, and Bankruptcy Rule 7001.

4)     That this matter is a core proceeding.

5)     That Richard V. Fink was duly appointed as the Trustee in this matter.

6)     Plaintiffs are the owners of real property located at: 18204 East 31st Terrace Drive South, Independence, Missouri 64057. The legal description of the property is:

    LOT 47, VALLEY BROOKE 2ND PLAT, LOTS 34-73, A SUBDIVISION IN INDEPENDENCE, JACKSON COUNTY, MISSOURI.

7)     On, May 25, 2001, Plaintiffs Michael and Alison Blankenship executed a Deed of Trust to Franklin American Mortgage Company, which was recorded on May 29, 2001, in the Office of the Jackson County Recorder of Deeds, as Document No. 2001I0039139.

8)     The Deed of Trust is currently being held by Wells Fargo Home Mortgage, INC.

9)     The payoff of the Deed of Trust held by Wells Fargo Home Mortgage, INC. at the time of filing of the plaintiff's bankruptcy petition was $128,000.00.

10)     On November 5, 2002, Plaintiff executed a second deed of trust to Nationwide Lending Corporation, which was recorded on January 3, 2003, in the office of the Jackson County Recorder of Deeds as Document No. 2003I0000573.

11)     That on September 13, 2013, the original loan was transferred to Partners for Payment Relief, LLC through an Assignment of Deed of Trust filed on October 2, 2013.

12)     The payoff of the second deed of trust held by Partners for Payment Relief, LLC at the time of filing of the plaintiff's bankruptcy petition was $28,000.00.

13)     The fair market value of the Plaintiff's residential real property is no more than $119,000.00.

14) The lien of Partners for Payment Relief, LLC does not secure any value and should be held to be void pursuant 11 U.S.C. §506(d).

15) The claim of Partners for Payment Relief, LLC should be classified as fully unsecured and paid in the same manner as all other unsecured nonpriority claims.

WHEREFORE, Plaintiffs pray this Court for its Order declaring that the lien of Partners for Payment Relief, LLC is void pursuant to 11 U.S.C. §506(d) and that the claim of Partners for Payment Relief, LLC  be classified as an unsecured nonpriority claim that is to be paid in the same manner as all other unsecured nonpriority claims.

    Respectfully submitted,

/s/ William N. Carnes
William N. Carnes     #47293
110 W. Maple
Independence, MO 64055
816-461-1665
816-252-1038 fax
Email: bill5344@aol.com
ATTORNEY FOR PLAINTIFFS